UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor O., | File No. 26-cv-1122 (ECT/LIB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Victor O.

Matthew Isihara and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Victor O. is a Mexican citizen who has lived in the United States since approximately 2002. Pet. [ECF No. 1] ¶¶ 7, 12. Victor "does not have a final order of removal." *Id.* ¶ 13. Immigration and Customs Enforcement ("ICE") arrested Victor on February 5, 2026, at approximately 3:00 p.m., as part of "Operation Metro Surge." *Id.* ¶¶ 15–16. The Petition alleges, "[u]pon information and belief," that "Respondents had no

warrant" for Victor's arrest. *Id.* ¶ 15.[1]   At the time of his Petition's filing, Victor was believed to be detained at the Bishop Henry Whipple Federal Building at Fort Snelling, Minnesota. *Id.* ¶ 7.

Victor challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 2. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 26–29; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Victor, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 30–46. Victor seeks issuance of a writ of habeas corpus requiring his release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a); issuance of an order for his release without release conditions in Minnesota, and directing Respondents to ensure his safety, provide advance notice to his counsel of his release, and return his personal effects; that the Court retain jurisdiction over the matter to decide any future motion for an award of attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." *See id.* at 13–14.

Recognizing that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents rely on their arguments in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct.

---

[1] The existence of a warrant is the only disputed fact in Victor's Petition, as Respondents attached a copy of a warrant to their answer. *See* ECF No. 5 at 2; ECF No. 5-1. That warrant is discussed *infra*.

21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025).  *See* ECF No. 5 at 1. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Victor has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a).  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062

---

[2]  To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Victor's Petition via their arguments in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

(7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)). Victor has lived in the United States for approximately twenty-three years, Pet. ¶ 12, and I find his detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving

---

[3] Respondents do not argue that Victor is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Victor's detention. *See* ECF No. 5.

4

the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).

Respondents have provided a purported warrant for Victor with their answer, but it raises more questions than it answers. Specifically, Respondents attached to their answer an ICE Form I-205 Warrant of Removal/Deportation dated "February 7, 2026," which post-dates Victor's arrest by two days, and post-dates the filing of his Petition by one day. *Compare* ECF No. 5-1 at 1, *with* Pet. ¶ 15. The attached warrant states that Victor "is subject to removal/deportation from the United States, based upon a final order by[] an immigration judge in exclusion, deportation, or removal proceedings . . . and pursuant to [Section 212(a)(6)(A)(i)] of the Immigration and Nationality Act." ECF No. 5-1 at 1. The attached warrant is signed "for Samuel J. Olson" who is a "Field Office Director," but the signature does not identify the signer. *See id*. Respondents did not file a declaration authenticating or describing the attached warrant—rather, the warrant was merely attached to Respondents' answer, which included a one-line explanation that "[t]he Government would also like to note that it has attached a warrant to this Petition, satisfying the Court's inquiry in this regard." *See* ECF No. 5 at 2.[4] Respondents make no legal argument about the attached warrant's legal effects, including how a warrant signed two days after a petitioner's arrest could satisfy § 1226(a)'s requirements. Moreover, Respondents' answer does not dispute that Victor "does not have a final order of removal," *id.* ¶ 13, and Respondents do not provide any other evidence or argument that Victor could be subject

---

[4]   I understand this as a reference to the Court's briefing order, which ordered Respondents to include in their answer "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." ECF No. 3 at 2.

5

to a final order of removal, nor do they specifically challenge the Court's jurisdiction based on the existence of a final order of removal. *See* ECF Nos. 5, 5-1. On these facts, Respondents' unauthenticated, unexplained warrant, purportedly signed two days after Victor's arrest, is insufficient to satisfy what I understand to be the requirements of § 1226(a). Respondents have not advanced any other argument that Victor's release is an unwarranted remedy. *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[5]

---

[5] The resolution of this statutory-interpretation question in Victor's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Victor O.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 11, 2026, at 7:50 p.m.        s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court